```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SAMUEL SOMMER,
                                              NOT FOR PUBLICATION
                Plaintiff,
                                              MEMORANDUM
    -against-                                 AND ORDER

                                              16-CV-3631(KAM)(LB)
County of Suffolk, County Court,
THOMAS SPOTA, District Attorney of
Suffolk County,

                Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On June 27, 2016, plaintiff Samuel Sommer, proceeding *pro se,* filed this action pursuant to 42 U.S.C. § 1983 "for damages against unconstitutional punishment imposed upon plaintiff by defendants. . . ." (ECF No. 1, Complaint at ¶ 1). Plaintiff alleges that he "should have been released immediately after the grand jury on 5/27/68 dismissed indictment no. 609/68." (*Id.* at ¶ 13).[1] On November 21, 2016, plaintiff filed an amended complaint and he removed several defendants from the action. (*See* ECF No. 5, Amended Complaint at ¶ 6). He seeks $90 million in damages. (*Id.* at 5.) For the reasons set forth below, the court denies plaintiff's request to proceed in *forma pauperis* and dismisses the

---

[1] Plaintiff was convicted of murder on December 16, 1970 in Suffolk County and he was sentenced to an indeterminate term of twenty (20) years to life in prison. *See Sommer v. County of Suffolk*, No. 06-CV-6026 (JG), 2007 WL 2462672, at *1 (E.D.N.Y. Apr. 18, 2007) (dismissing plaintiff's *pro se* complaint seeking injunctive, and declaratory relief and damages), *aff'd*, 306 F. App'x 660 (2d Cir. 2009). Plaintiff has been released from state custody. *See* http://nysdoccslookup.doccs.ny.gov (last visited December 12, 2016).

Amended Complaint as to the County Court.  In order to proceed with this action against the remaining defendants, plaintiff must pay the statutory filing fee to the Clerk of Court within thirty (30) days of this Order.

    **A.**    **Filing Fee**

Plaintiff has applied for *in forma pauperis* ("IFP") status. (ECF No. 2, Motion for Leave to Proceed IFP ("Mot")). Pursuant to 28 U.S.C. § 1914, the filing fee to commence a civil action is $350, plus an additional administrative fee of $50, for a total of $400. *See also,* https://www.nyed.uscourts.gov/court-fees (last visited December 12, 2016). The court may grant *in forma pauperis* status to a litigant and waive the filing fee upon a finding that the litigant is indigent. *See* 28 U.S.C. § 1915; *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) ("Leave to proceed *in forma pauperis* may be granted 'in any suit, action or proceeding, civil or criminal, or appeal therein' to a litigant who 'submits an affidavit that includes a statement of all assets [establishing] that the person is unable to pay such fees or give security therefor.'"). Whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the district court. *Cabey v. Atria Senior Living*, No. 13 CV 3612, 2014 WL 794279, at *1 (E.D.N.Y. Feb. 26, 2014); *Pinede v. N.Y.C. Dep't of Environmental Protection*, No. 12 CV 6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013). The court, however, may dismiss

a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, plaintiff's application does not demonstrate that he is indigent and that he cannot afford the filing fee. (ECF No. Mot. 2, at 3.) In his IFP application, plaintiff states that he receives social security benefits of $800 per month, that he has $3,161 in a bank account and $18,000 in a retirement account. (*Id.* at 1, 3.) For expenses, plaintiff represents that he pays $700 per month for rent. (*Id.* at 3.) Plaintiff's sworn IFP application establishes that he has sufficient resources to pay the $400 filing fee and therefore his request to proceed IFP is denied.[2]

B. **County Court**

The Amended Complaint is dismissed as to the County Court. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. It is well-settled that a court is not a "person" within the meaning of § 1983, *Zuckerman v. Appellate Division, Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970); *Mathis v. Clerk of First Dep't, Appellate Div.*, 631 F. Supp. 232, 235 (S.D.N.Y. 1986). Furthermore, as a judicial arm of the State of New York, the court is immune from suit under the Eleventh Amendment. *Madden v.*

---

[2] The court takes judicial notice that plaintiff recently paid the filing fee to commence a different civil action in this court. *See Sommer v. Aspen Dental Management Inc.,* No. 16-CV-3027 (KAM) (filed June 8, 2016).

*Vermont Supreme Court*, 8 F. App'x 128, 129 (2d Cir. 2001) (citing *Zuckerman*, 421 F.2d at 626); *see also Thomas v. Bailey*, No. 10-CV-0051, 2010 WL 662416, at *1 (E.D.N.Y. Feb. 22, 2010).

### **Conclusion**

Accordingly, the action is dismissed as to the County Court. No summons shall issue as to this defendant and the Clerk of Court is directed to amend the caption to indicate the dismissal of this defendant.

In order to proceed with this action against the remaining defendants, plaintiff must pay the filing fee of $400 to the Clerk of Court, Eastern District of New York, within thirty (30) days from the date of this Order. If the filing fee is paid, the Clerk of Court shall prepare a summons and plaintiff shall effect service of process of the Summons and Complaint on each remaining defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. If plaintiff fails to comply with this Order within the time allowed and fails to pay the $400 filing fee, the Amended Complaint shall be dismissed and judgment shall enter. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-

45 (1962). The Clerk of Court is directed to serve a copy of this Order on the plaintiff and to note service on the docket.

**SO ORDERED.**

Dated:     December 12, 2016
           Brooklyn, New York

                                    _____/s/_____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge