```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SAMUEL SOMMER,
                                              MEMORANDUM AND ORDER
                  Plaintiff,
                                              16-cv-3631 (KAM)

            -against-

THOMAS SPOTA, Suffolk County District
Attorney, COUNTY OF SUFFOLK,

                  Defendants.
----------------------------------------x
```

**MATSUMOTO, United States District Judge**:

Plaintiff Samuel Sommer, ("plaintiff" or "Sommer"), brings this action against defendants Thomas Spota and the County of Suffolk alleging violations of 42 U.S.C.§ 1983, in connection with a malicious prosecution challenge to his 1971 conviction for murder. (*See* ECF No. 5, Amended Complaint ("Am. Compl.").) In the Amended Complaint, plaintiff seeks $90,000 in actual damages and $30,000 in punitive damages, as well as attorneys' fees. (Am. Compl. at 5.)

## I. Background

Plaintiff alleges that on May 24, 1968, a grand jury convened to ascertain whether plaintiff should be indicted on murder charges and the indictment was dismissed on May 27, 1968.

(*Id*. at ¶¶ 9-10.)  Plaintiff was tried and convicted of murder in 1971 and sentenced to a custodial sentence of twenty years to life.  *People* v. *Sommer,* 38 A.D.2d 892 (2d Dep't, 1972) (affirming judgment), *aff'd.* 33 N.Y.2d 629 (1973).

In 1995, plaintiff brought an action in the Eastern District of New York against the Suffolk County District Attorney, the County of Suffolk and other defendants associated with Suffolk County pursuant to 42 U.S.C. § 1983, claiming violations of the Sixth, Eighth, and Fourteenth Amendments and malicious prosecution related to his conviction for murder in 1968.  (ECF 49-5, Memorandum & Order, *Sommer v. Henry et al.*, No. 95-CV-2085, at 58 (E.D.N.Y. July 30, 1996).)[1]  The court granted the defendants' motions to dismiss the action in its entirety, finding that none of Sommer's claims were actionable under 42 U.S.C. § 1983.  (*Id*.)  The court held that Sommer could not rely on Section 1983 to challenge the validity of his conviction, as his conviction was not reversed on direct appeal, expunged, declared invalid or the subject of a successful habeas petition.  (*Id*. at 60 (citing *Heck v. Humphrey,* 114 S. Ct. 2364, 2372 (1994)).)

The court found that, "Sommer [could not] maintain a

---

[1] Page numbers cited herein refer to the numbers assigned by the Electronic Case Filing System ("ECF") except where paragraph citations are used and where otherwise indicated.

pendent state law claim for malicious prosecution because there has been no favorable termination with respect to his underlying conviction." (*Id.* (citing *See Pinsky v. Duncan,* 79 F.3d 306, 312 (2d Cir. 1996)).) The court also held that any excessive force claim based on his allegations of being beaten by law enforcement officers in 1970 was barred by the statute of limitations. (*Id.* at 61-77 (collecting cases).)

Sommer brought another action in this district, *Sommer v. County of Suffolk*, No. 98-CV-2757, in 1998. In that litigation, Sommer alleged that he was wrongfully prosecuted because his indictment was dismissed before he was tried and convicted. (*See* ECF No. 49-2, Zwilling Dec at ¶ 5; ECF No. 49-4, Complaint, *Sommer v. County of Suffolk*, No. 98-CV-2757, at ¶¶ 26-30, 33-34 (April 10, 1998).) Specifically, Sommer alleged:

> A Grand Jury was convened on or about May 24, 1968 for the purpose of ascertaining whether the Plaintiff SAMUEL SOMMER should be indicted on the charge of murder of Irving Silver in contravention of Penal Code Section 125.25 Subdivision 25 . . . . That the Grand Jury convened bore the identification index number 609-68 . . . . That on May 27, 1968, the Grand Jury dismissed the charges against the Plaintiff SAMUEL SOMMER for the Murder of Irving Silver . . . . Defendants the County of Suffolk, it's[sic] agents and employees, had knowledge, actual or constructive, that the Grand Jury had voted not to indict the Plaintiff SAMUEL SOMMER on the charge of Murder and Manslaughter.

(ECF No. 49-4, Complaint, at ¶¶ 26-28, 35.) On December 28, 1999, the court granted summary judgment to defendant, Suffolk

3

County, dismissing the case. *See* Dkt. No 43, Memorandum & Order, *Sommer v. County of Suffolk*, No. 98-CV-2757 (E.D.N.Y. Dec. 28, 1999); (Zwilling Dec. at ¶ 6.)

In 2006, Sommer brought an action against Suffolk County, the Suffolk County District Attorney's Office, and the Suffolk County Department of Health, among others. *Sommer v. County of Suffolk*, No. 06-CV-2201, slip op. at 1 (E.D.N.Y. July 7, 2006). In his complaint, he alleged that the defendants conspired to deny him access to an autopsy report of Irving Silver, the murder victim, that might have proved his innocence. *Id.* at 2-3. The court dismissed Sommer's complaint *sua sponte*, holding that (1) Sommer's claim under Section 1983 failed as he commenced the action after the three-year statute of limitations expired, and (2) Sommer failed to state a due process violation of his constitutional rights. (*Id.* at 5-6.)

Sommer brought a new Section 1983 action in 2006, against defendants Suffolk Country, District Attorney Thomas Spota, Assistant District Attorney Grazia DiVincenzo and Judge Andrew Crecca. Sommer alleged that the defendants conspired to violate his constitutional right to due process and equal protection when they construed his request to the Department of Health for Irving Silver's autopsy report as a legal motion and adjudicated the motion. *Sommer v. County of Suffolk*, No. 06-CV-6026, slip op. at 1 (E.D.N.Y. April 18, 2007). Sommer sought

declaratory relief, an investigation of the defendants, and damages, in an attempt to secure exculpatory evidence that supported his challenge to his conviction. *Id.* at 2. The court granted defendants' motions to dismiss the action holding: (1) that Assistant District Attorney DiVencenzo was protected from liability by qualified immunity, (2) the claim against District Attorney Spota failed because of Spota's lack of direct personal involvement, and thus did not state a claim against Spota, and, that Spota was protected by qualified immunity, (3) the allegations against Suffolk County failed to state a claim because there was no allegation of municipal policy or custom, (4) Judge Crecca was "immune from suit pursuant to the doctrine of absolute judicial immunity." (*Id*. at 5-10.)

In 2007, plaintiff brought yet another Section 1983 action in the Eastern District of New York, alleging that defendants Martha Rogers, the Deputy Chief Clerk of the Suffolk County Court, Thomas Spota, the District Attorney of Suffolk County, multiple attorneys for Suffolk County, a FOIL officer and an officer of the Suffolk County appeals bureau. Complaint, *Sommer v. Rogers et al.*, No. 2:07-CV-4093, at 1 (E.D.N.Y. Sept. 27, 2007.) Sommer alleged that (1) defendants' failure to provide him with documents related to his indictment deprived him of equal protection and due process of law, (2) that the indictment that led to his 1971 conviction for murder was

defective, and (3) that the defendants illegally "withheld evidence concerning *People v. Samuel Sommer,* Indictment Number 609/68." Memorandum & Order, *Sommer v. Rogers et al*. No. 2:07-CV-4093, slip op. at 2-3 (E.D.N.Y. Oct. 30, 2007) (citation omitted). Sommers sought money damages. *Id*. at 3. The court dismissed the action, holding that plaintiff failed to state a claim for violation of due process regarding his request for documents related to his indictment. *Id*. at 6. The court also dismissed Sommer's claims regarding his defective conviction holding:

> To the extent that Sommer seeks to challenge his underlying conviction by showing that the indictment was defective, that claim must be dismissed . . . . Sommer's allegations would necessarily imply the invalidity of his conviction. Because Sommer does not allege that his conviction has been reversed or otherwise called into question – indeed, by Sommer's own admission he has challenged his murder conviction, . . . and has not been successful in overturning his murder conviction – plaintiff's claims for damages based on the alleged defective indictment are barred by *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).]

(*Id*. at 6-7.)

In the instant action, Plaintiff alleges that on October 19, 2015, he "discovered" records when he visited the Suffolk County archives in Yapank, New York pursuant to a state Freedom of Information Law request to inspect and copy criminal records related to his indictment. (Am. Compl. ¶¶ 7-9.) According to plaintiff, those records establish that his

6

indictment was dismissed before his conviction. (*Id.*)

## II. Legal Standard

"To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient facts that if accepted as true 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A well-pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 252 (E.D.N.Y. 2016) (citing *Twombly*, 550 U.S. at 555). A complaint providing only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A *pro se* complaint must be construed liberally to raise the strongest claim it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, it must still satisfy the same pleading requirements and, "[b]ald assertions and conclusions of law are not adequate to withstand a motion to dismiss." *Wilson v. Dalene*, 699 F. Supp. 2d 534, 554 (E.D.N.Y. 2010) (citations omitted).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may refer to "documents attached to the

7

complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (internal citations omitted); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 1993) (internal emphasis and citation omitted) (clarifying that "reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of a document on a dismissal motion; mere notice of possession is not enough."). Specifically, the court may look to public records such as "complaints filed in [federal] court, in deciding a motion to dismiss." *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 352 (E.D.N.Y. 2010) (citing *Blue Tree Hotels Inv. (Canada) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir.2004); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 75 (2d Cir. 1998)). As defendants' motion is based, in part, on previous actions and proceedings that plaintiff initiated in the Eastern District of New York, the court takes judicial notice of public documents filed in connection with plaintiff's prior litigations, "not for the truth of the matters asserted . . . but rather to establish the fact of such litigation and related filings." *Id.* (citing *Kramer v. Time Warner Inc.,* 937 F.2d 767,

774 (2d Cir. 1991)).

### III. Discussion

#### a. Plaintiff's Claims Are Barred by *Res Judicata*

Plaintiff's claims in the instant action are barred by *res judicata*. The claims Sommer brought in the instant action are substantively the same or based on the same events as the claims brought in previous actions that were adjudicated and resulted in final judgments against him. Under the doctrine of *res judicata*, "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction of series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000) (citing *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir.1983)).

To establish that *res judicata* applies, defendants must establish that, "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been,

raised in the prior action." *Id.*; *see also Rodas v. Family Servs., Inc.*, 709 F. App'x 91 (2d Cir. 2018).

For the reasons explained below, plaintiff's judgments from his previous litigations in the Eastern District of New York involved adjudications on the merits and the same plaintiff. Moreover, the claims for malicious prosecution were alleged and decided against plaintiff in the previous actions. Thus the actions have preclusive effect here and plaintiff's claims in the instant action are barred by *res judicata*.

> i. The Judgments in Plaintiff's Previous Actions in the Eastern District of New York Were <u>Adjudications on the Merits</u>

*Res judicata* applies in the instant action as the judgments against Sommer in his previous litigations against Suffolk County and its employees were adjudications on the merits. *Monahan*, 214 F.3d at 284–85. Sommer sued Suffolk County and its employees to challenge or facilitate the challenge to his 1971 state court murder conviction in the following actions: (1) *Sommer v. Henry, et al.*, 95-CV-0285 ; (2) *Sommer v. County of Suffolk*, 98-CV-2757; (3) *Sommer v. Suffolk County, et al.*, 06-CV-2201; (4) *Sommer v. County of Suffolk, et al.*, 06-CV-6026; and (5) *Sommer v. Rogers, et al.* 07-CV-4093. These actions include suits against Suffolk County judges, former Suffolk County District and Assistant District Attorneys, Suffolk County attorneys, FOIL officers, the appellate bureau of

10

Suffolk County, and other named employees of those entities including, but not limited to, Patrick Henry and James Catterson, and Thomas Spota.

In three of the five actions above, judgment was entered dismissing Sommer's claims for malicious prosecution or prosecution in the absence of a valid indictment. *See* ECF 49-5, Memorandum & Order, *Sommer v. Henry et al.*, No. 95-CV-2085, at 58 (E.D.N.Y. July 30, 1996); Dkt. No. 43, Memorandum & Order, *Sommer v. County of Suffolk*, No. 98-cv-2757, (E.D.N.Y. Dec. 28, 1999); Zwilling Dec. at ¶ 6; ECF No. 4, Memorandum & Order, *Sommer v. Rogers et al.* No. 2:07-cv-4093, (E.D.N.Y. Oct. 30, 2007). In Sommer's two 2006 actions, the court found that Sommer's claims related to his requests for records related to his prosecution, failed to state claims on which relief could be granted. See *Sommer v. County of Suffolk*, No. 06-CV-6026, slip op. at 5-10 (E.D.N.Y. April 18, 2007); *Sommer v. Suffolk, County Dep't of Health Services*, No. 06-CV-2201, *5-6 (E.D.N.Y. July 7, 2006). Sommer does not contest that the adjudications were on the merits, and nothing in the record in the instant action or the judgments issued in those cases lead the court to believe they were not adjudications on the merits. Accordingly, the court finds that the previous litigations cited herein were adjudicated on the merits.

### ii. The Cases Involved Plaintiff or Those in Privity with Plaintiff

For *res judicata* to attach, "the previous action [must have] involved the plaintiffs or those in privity with them." *Monahan*, 214 F.3d at 284-85. Plaintiff initiated and litigated the instant action, and each of the prior actions in this judicial district. As such, the second requirement is met.

### iii. The Claims Asserted in the Instant Action Were, or Could Have Been, Raised in Plaintiff's Prior Actions in The Eastern District of New York

Finally, to establish that *res judicata* applies*,* defendant must show that "the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 284-85. "Res judicata . . . is not limited to only claims that were actually litigated . . . . [r]ather, it bars all legal claims that a party could have raised in the prior litigation." *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00-CV-2800, 2006 WL 3833440, at *19 n. 23 (S.D.N.Y. Dec. 29, 2006). "[I]n considering whether a claim was or could have been raised in the prior proceeding, the Court considers whether the claims "arise from the same nucleus of operative fact." *Cox v. Perfect Bldg. Maint. Corp.*, No. 16-CV-7474 (VEC), 2017 WL 3049547, at *5 (S.D.N.Y. July 18, 2017) (granting motion to dismiss based on *res judicata*) (citing *Jordan v. Metro. Life Ins. Co.*, No. 03-CV-4110 (SAS), 2004 WL 1752822, at *3 (S.D.N.Y.

Aug. 4, 2004)).

Sommer's claims in the instant action arise out of what he alleges was his malicious prosecution and invalid conviction for murder due to the dismissal of the indictment. Sommer's Amended Complaint appears to state that he did not discover documentation indicating his indictment was dismissed prior to his conviction until October 19, 2015. (*See* Am. Compl. ¶¶ 7-9.) Defendants correctly note, however, that Sommer made the same allegation that his indictment was dismissed prior to his conviction in multiple actions preceding this one, including in an action commenced in 1998. (*See* Zwiller Dec. at ¶¶ 5-7.) In *Sommer v. County of Suffolk*, plaintiff alleged that he was wrongfully prosecuted because the indictment against him was dismissed before he was tried and convicted. (*See* ECF No. 49-4, Complaint, *Sommer v. County of Suffolk*, No. 98-CV-2757, at ¶¶ 26-30, 33-34.) Further, in his opposition to defendants' motion to dismiss, Sommer claims to have prior knowledge of the indictment being dismissed. He states:

> [O]n or about May 15, 1996 Plaintiff (Sommer) received from the County of Suffolk for the first time a Supplementary Report prepared by the Suffolk County Police Department dated May 22, 1971 which indicates that the charges of Murder of Irving Silver in contravention of the Penal Section 125, Subdivision 25 was dismissed by the Grand Jury #609-68.

(ECF No. 49-10, Plaintiff's Opposition ("Pl. Opp."), at ¶ 41.) As such, the basis of his claim in the instant action was

13

available to Sommer in 1996 and Sommer challenged his conviction on that basis as early as 1998. Because plaintiff had the opportunity to raise his claims regarding the dismissed indictment in his subsequent litigations challenging the validity of his sentence, and did in certain cases, "the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 284–85.

Defendants have established that (1) the previous actions involved adjudications on the merits, (2) the previous actions involved the plaintiff, and (3) the claims asserted in the instant action were, or could have been, raised in the prior actions. As such, *res judicata* precludes plaintiff from seeking relief for his 42 U.S.C § 1983 claim for malicious prosecution.

### b. Plaintiff 42 U.S.C § 1983 Claim Is Barred by the Statute of Limitations

Assuming arguendo that plaintiff's claims are not barred by *res judicata,* plaintiff's allegations fail to state a claim upon which relief can be granted. Plaintiff's Section 1983 claim for violation of due process is barred by the statute of limitations. "The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." *Shomo v. City of New York,* 579 F.3d

14

176, 181 (2d Cir. 2009). A Section 1983 claim accrues when the plaintiff "knows or has reason to know" of the harm forming the basis of the claim. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). Sommer alleges that the indictment, prosecution and wrongful conviction he challenges in the instant action occurred "nearly fifty years ago." (Am. Compl. ¶ 10.) As such, plaintiff's claims are barred by the statute of limitations.

Plaintiff's claim that he received documents in October 2015 pursuant to a state Freedom of Information Law request that show the indictment against him was dismissed before his trial and conviction cannot save the claim. (*Id*. at ¶9.) As explained in the preceding section, plaintiff was aware of the facts related to the alleged dismissed indictment that formed the basis of the Amended Complaint in the instant action as early as 1996. (Pl. Opp at ¶ 41.) Consequently, the limitations period has run, and plaintiff cannot bring his claim.

### c. Sommer Cannot State a Claim for Malicious Prosecution Because His Conviction Remains in Place

Assuming *arguendo* that plaintiff's claims are not precluded, Sommer cannot state a claim for malicious prosecution under Section 1983, because his 1971 murder conviction still

15

stands. "Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (collecting cases). Under 42 U.S.C. § 1983, federal courts must look to New York state law for the substantive elements of a malicious prosecution claim. *Conway v. Vill. of Mount Kisco, N.Y.*, 750 F.2d 205, 214 (2d Cir. 1984). To prevail on a malicious prosecution claim under New York Law, Sommer must establish that the prosecution was terminated in his favor. *Poventud v. City of New York*, 750 F.3d 121, 130 (2d Cir. 2014) (citing *Smith-Hunter v. Harvey*, 734 N.E.2d 750, 750 (N.Y. Ct. App. 2000).

As Sommer was convicted and states no facts to establish that the conviction was reversed, expunged or otherwise terminated in his favor, he cannot, and does not, state a claim for malicious prosecution.

### d. The Complaint Fails to State a Claim Against Former District Attorney Spota

"Prosecutors are absolutely immune from liability in Section 1983 suits brought against prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 129

S. Ct. 855, 857, 172 L. Ed. 2d 706 (2009) (citing *Imbler v. Pachtman,* 424 U.S. 409, 428, 430 (1976)). Sommer alleges that Spota and Suffolk County imposed unconstitutional punishment on him by prosecuting him despite the alleged dismissal of the indictment and use of false evidence. (Am. Compl. at ¶¶ 5,10.) Sommer also alleges that Spota, along with Suffolk County, failed to produce new evidence in connection with his prosecution. These alleged acts are clearly associated with the judicial phase of the criminal process. Accordingly, as previously adjudicated in plaintiff's prior actions, Spota is absolutely immune from liability in this suit in connection with Sommer's claims.

### IV. Conclusion

The court has considered all of plaintiff's allegations and arguments in the instant suit and finds them without merit. For the foregoing reasons, defendants' Motion to Dismiss is granted and the Amended Complaint is dismissed with prejudice. District courts typically shall not dismiss a *pro se* complaint without granting leave to amend. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000)). Leave to amend shall not be granted, however, when it would be futile. *Id*. As the Amended Complaint provides no basis on which relief may be granted, leave to amend is not granted.

Plaintiff is advised that he should refrain from

bringing new actions that assert claims that were previously dismissed in prior actions.  His repeated allegations in multiple lawsuits have caused the needless expenditure of Suffolk County and judicial resources.  The court also notes that defendants' sparse memorandum of law in support of defendants' 12(b)(6) motion in this action, (ECF 49-8), lacked adequate legal analysis.  Despite having to defend plaintiff's repetitive lawsuits, the Suffolk County Attorney's office is expected to submit thorough legal memoranda in litigations before this court.

The Clerk of Court is respectfully directed to enter judgment, serve a copy of this Memorandum and Order and the judgement on *pro se* plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

Dated:   March 13, 2019
         Brooklyn, New York

/s/
**Hon. Kiyo A. Matsumoto**
United States District Judge
